IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISHA YORK, a Washington resident, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| SUNNY MONY & RAJAN INC 1, a Washington corporation | JURY DEMAND |
| Defendant. | |

COMES NOW, Plaintiff, Trisha York, by and through her attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.    INTRODUCTION

1.    The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2.    A gas station is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

3.    ADA accessibility laws and regulations were enacted into law in 1990, nearly 30

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  years ago, to protect civil rights of persons with mobility and other disabilities.

2      4.    Defendant discriminates against individuals with disabilities because Defendant

3  operates a property as a place of public accommodation that does not comply with ADA laws

4  and regulations, and thus Plaintiff brings this action to end the civil rights violations at a place of

5  public accommodation by Defendant against persons with mobility disabilities.

6  **II.    PARTIES**

7      5.    Plaintiff Trisha York is a Washington resident and resides in this district.

8      6.    Ms. York is limited in the major life activity of walking and uses a wheelchair and

9  modified van for transportation and requires van accessible parking to patronize the Chevron

10  station at Defendant's property at or around 14056 Greenwood Ave N. in Seattle, WA (the

11  "Property").

12      7.    Defendant Sunny Mony & Rajan Inc 1 is a Washington corporation.

13      8.    Jasbir Singh, at 14056 Greenwood Ave N., Seattle, WA is the registered agent for

14  Sunny Mony & Rajan Inc 1.

15  **III.    JURISDICTION AND VENUE**

16      9.    This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

17  courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

18  United States.

19      10.    This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

20  courts jurisdiction over actions to secure civil rights under Acts of Congress.

21      11.    This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district

22  courts supplemental jurisdiction over state law claims.

23      12.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the

Complaint for Declaratory and Injunctive Relief    WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
**Page 2 of 10**    Seattle, WA 98105
(206) 428-3558

1     practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and

2     Damages occur in this district and Defendant's Property lies within this district.

3                                **IV.     FACTUAL ALLEGATIONS**

4           13.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive

5     prohibition of discrimination on the basis of disability," and prohibits places of public

6     accommodation from providing separate or unequal benefits and services to individuals with

7     disabilities.

8           14.     Defendant's property is one example of countless places of public

9     accommodation that are difficult or dangerous to access due to substantial and numerous

10     compliance issues with the ADA, despite decades of notice to property owners.

11           15.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states

12     that, "...individuals with disabilities continually encounter various forms of discrimination,

13     including outright intentional exclusion, [and] the discriminatory effects of architectural,

14     transportation, and communication barriers…."

15           16.     Thus, Title III of the ADA states in relevant part: "No individual shall be

16     discriminated against on the basis of disability in the full and equal enjoyment of the goods,

17     services, facilities, privileges, advantages, or accommodations of any place of public

18     accommodation by any person who owns, leases (or leases to), or operates a place of public

19     accommodation." 42 U.S.C. § 12182(a).

20                                          <u>Plaintiff</u>

21           17.     Ms. York is a Seattle, Washington resident who lives near Defendant's property

22     and travels throughout the Seattle area on a regular basis.  Plaintiff most recently patronized

23     Defendant's Property in December, 2019.

Complaint for Declaratory and Injunctive Relief

**Page 3 of 10**

18.    Ms. York is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

19.    Ms. York will return to the Property once accessibility barriers are addressed.

<u>Defendant's Property</u>

20.    Ms. York used her wheelchair, albeit at personal risk due to existing accessibility barriers, to visit the Property.

21.    Ms. York does not feel safe accessing the property as is due to the current accessibility barriers.

22.    Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

23.    At Defendant's parking lot at the Property, there are less than 25 parking spaces.

24.    On information and belief, Defendant's property has been repaved since 2012.

25.    Repaving a parking lot is a significant alteration and thus Defendant's property is subject to the 2010 ADA Standards.

26.    Despite the recent repaving work, there are no ADA compliant wheelchair accessible parking spaces at the parking lot at Defendant's Property.

27.    Under the 2010 Standards Defendant's Property must include at least one (1) accessible parking space and that parking space must be a "van-accessible" parking space. § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

28.    Slope of accessible parking spaces must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards

---

Complaint for Declaratory and Injunctive Relief

**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

and § 4.3.6 of the 1991 Standards.

29.    Accessible parking spaces must be identified with signage at least 60 inches above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (Signage must be high enough it "cannot be obscured by a vehicle parked in the space.").

30.    There is no signage for accessible parking at Defendant's Property.

31.    Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

32.    Access aisles must be marked so as to discourage parking and adjoin the accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

33.    The parking lot at Defendant's Property does not have a properly sized and marked van-accessible parking space and no access aisle is present at all.

34.    Accessible routes must connect the accessible parking to the main entrance.  Curb ramps must have a slope no greater than 1:12. §§ 406.1 and 406.2 of the 2010 Standards.

35.    The ramp from the parking lot to the front door at Defendant's property exceeds a slope of 1:12.

36.    Doorways must have at least 42 inches of clear ground space (or more depending on the approach direction) perpendicular from the door. § 404.2.4 et seq. of the 2010 Standards. Additionally, that clear space must have a slope no greater than 1:48. § 404.2.4.4 of the 2010 Standards.

37.    The front doorways at Defendant's Property lacks sufficient clear, level ground space as required under the 2010 Standards.

38.    Ms. York requires compliant accessible parking and compliant accessible routes

Complaint for Declaratory and Injunctive Relief

Page 5 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  in order to safely patronize Defendant's property using her wheelchair.

2       39.    Defendant's property is not safe and is not welcoming for people who use

3  wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

4       40.    The failure of Sunny Mony & Rajan Inc 1 to make the property comply with the

5  ADA's accessibility laws and regulations works to exclude people with disabilities from equal

6  access to and enjoyment of the Property.

7                         **V.    FIRST CAUSE OF ACTION**
                  **Title III of the Americans with Disabilities Act of 1990**
8                        **42 U.S.C. § 12101 *et seq.***

9       41.    Ms. York incorporates by reference the allegations in the paragraphs above.

10      42.    Ms. York is limited in the major life activity of walking and is thus an individual

11  with a disability within the meaning of Title III of the ADA.

12      43.    Title III of the ADA states in relevant part: "No individual shall be discriminated

13  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

14  privileges, advantages, or accommodations of any place of public accommodation by any person

15  who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

16  12182(a).

17      44.    Defendant Sunny Mony & Rajan Inc 1 owns or leases the property where the

18  Chevron station is located.

19      45.    The Chevron station location is a gas station and therefore a place of public

20  accommodation. 42 U.S.C. § 12181(7).

21      46.    Defendant has discriminated against Plaintiff on the basis of her disability.

22      47.    Defendant's discriminatory conduct includes but is not limited to:

23              a.     Discriminatory exclusion and/or denial of goods, services, facilities,

Complaint for Declaratory and Injunctive Relief        WASHINGTON CIVIL & DISABILITY ADVOCATE
                                                        4115 Roosevelt Way NE, Suite B
**Page 6 of 10**                                        Seattle, WA 98105
                                                        (206) 428-3558

privileges, advantages, accommodations, and/or opportunities;

b.      Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.      Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

d.      Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

e.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

48.     As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

49.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. York, and the harm continues.

50.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. York to declaratory and injunctive relief. 42 U.S.C. § 12188.

51.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. York to recover reasonable attorneys' fees and costs incurred

Complaint for Declaratory and Injunctive Relief

**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  in bringing this action. 42 U.S.C. § 12205.

2  ## VI.    SECOND CAUSE OF ACTION
   ### Violation of the Washington Law Against Discrimination
3  ### (R.C.W. §§ 49.60.010 et seq.)

4  52.    Ms. York incorporates by reference the allegations in the paragraphs above.

5  53.    Ms. York is an individual with a disability within the meaning of the Washington

6  Law Against Discrimination.

7  54.    Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent

8  part: "The right to be free from discrimination because of . . . the presence of any sensory,

9  mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

10 include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

11 accommodations, advantages, facilities, or privileges of any place of public resort,

12 accommodation, assemblage, or amusement . . . "

13 55.    Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

14 Revised Code of Washington by violating multiple accessibility requirements under the ADA.

15 56.    Defendant's actions constitute discrimination against persons with disabilities and

16 violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

17 et seq., in that persons with mobility disabilities have been and are still denied full and equal

18 enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

19 provides to individuals who do not have disabilities.

20 57.    As a direct and proximate result of Defendant's discriminatory conduct as alleged

21 in this Complaint for Declaratory and Injunctive Relief, Ms. York has suffered and continues to

22 suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly

23 remediate the Property.

58.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. York the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

59.     Ms. York has a clear legal right to access the tenants of Defendant's Property under the Washington Law Against Discrimination.

60.     Ms. York has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

61.     Defendant's property does not comply with ADA accessibility laws and regulations.

62.     Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

63.     Pursuant to RCW § 49.60.030(2), Ms. York is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Ms. York respectfully requests that this Court:

1.     Assume jurisdiction over this action;

2.     Find and declare Defendant Sunny Mony & Rajan Inc 1 to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3.     Issue a permanent injunction ordering Defendant to immediately implement the

Complaint for Declaratory and Injunctive Relief

**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. York reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. York for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 18th day of December, 2019

By:


*s/ Conrad Reynoldson*
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

*s/ Michael Terasaki*
Michael Terasaki
WSBA# 51923
terasaki@wacda.com
(206) 971-1124

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Trisha York*

Complaint for Declaratory and Injunctive Relief WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
**Page 10 of 10** Seattle, WA 98105
(206) 428-3558